**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 16-CR-20899-JEM**

**UNITED STATES OF AMERICA**

**v.**

**BYRON JIMENEZ,**

**Defendant.**
______________________________________/

## UNITED STATES' SENTENCING MEMORANDUM

The United States, by and through the undersigned Assistant United States Attorney, respectfully submits this Sentencing Memorandum and response to Defendant, Byron Jimenez's, Sentencing Memorandum and Request for Downward Variance (ECF No. 25) and Motion for Downward Variance (ECF No. 26). As further addressed below, given the substantial number of videos and images of child pornography, and identified victims of sexual abuse that Defendant possessed, the United States respectfully submits that a low-end guideline sentence is appropriate in this case.

### I. Background of Case

This investigation began in January 2016 when an undercover FBI agent in West Virginia utilizing peer-to-peer software obtained downloads containing child pornography from an IP address associated with a residence in North Bay Village, FL. PSI at ¶ 9.

The case was assigned to officers in the Southern District of Florida, who, on several dates between May and September, continued to monitor the IP address, and continued to identify files with titles indicative of child pornography from a user utilizing the IP address. *Id*. at ¶ 13.

On November 3, 2016, law enforcement officers conducted a "knock and talk" at Defendant Jimenez's residence. The officers interviewed Jimenez who provided them consent to search his bedroom. The officers found a plastic container with three external hard drives, and Jimenez spontaneously stated that he would be in trouble. Jimenez was then advised of his *Miranda* rights and agreed to speak to law enforcement. He admitted that he had been downloading child pornography through peer-to-peer websites on the internet. The three hard drives were taken to the FBI for further analysis. *Id*. at ¶ 17.

On December 1, 2016, a federal grand jury in the Southern District of Florida returned a three count Indictment charging JIMENEZ with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2) (ECF No. 5). On February 22, 2017, JIMENEZ timely plead guilty to Count 1 of the indictment for possession of child pornography. (ECF No. 16).

**II. Forensic Examination of Defendant's External Hard Drives**

Law enforcement seized three external hard drives that were found in JIMENEZ's bedroom. The information from these files was submitted to the National Center for Missing and Exploited Children (NCMEC) for review to determine if there were any identified child victims or investigative information contained within the images. Subsequently, a 340-page Child Identification Report was returned from NCMEC. The report identified 4,837 images and 234 videos of known victims of child pornography, and identified 182 series.

**III. The United States' recommendation of a low-end guideline sentence**

The offense conduct in this case victimizes children. The Eleventh Circuit has noted in a case where the defendant was charged with receipt and possession of child pornography, but not distribution:

> [Defendant] emphasizes that he did not produce or distribute the child pornography and characterizes his involvement in the exploitation of the children depicted as indirect. When [Defendant] subscribed to the undercover website, he purchased additional images of child pornography. As the district court noted (and this Court has recognized), receiving and possessing child pornography helps create a market for more pornography, encouraging the victimization of more children.

*United States v. Turner*, 626 F.3d 566, 574 (11th Cir. 2010) citing (*United States v. Pugh*, 515 F.3d 1179, 1196 (11th Cir. 2008) ("the distribution of photographs and films depicting sexual activity by juveniles is intrinsically related to the sexual abuse of children")); *see also United States v. Yuknavich*, 419 F.3d 1302, 1310 (11th Cir. 2005) ("possession of child pornography is not a victimless crime"); *United States v. Goff,* 501 F.3d 250, 259 (3d Cir. 2007) ("Consumers such as [defendant] who 'merely' or 'passively' receive or possess child pornography directly contribute to this continuing victimization.").

The Eleventh Circuit has also emphasized the importance of deterrence, particularly in cases involving the victimization of children, quoting from the Seventh Circuit that "'[y]oung children were raped in order to enable the production of the pornography that the defendant both downloaded and uploaded . . . the greater the customer demand for child pornography, the more that will be produced.'" *Pugh*, 515 F.3d at 1194-95.

Here, the NCMEC report has indicated hundreds of videos with previously identified victims of children victims. As the Eleventh Circuit has repeatedly stated, and as is supported by the number of known victims in this case, Defendant's actions created a larger market for child pornography and for the continued victimization of children.

Further, Defendant argues that the Sentencing Guidelines are flawed, particularly as they relate to the five-level enhancement under U.S.S.G. § 2G2.2(b)(7)(D) for possessing 600 or more

images. *See* (ECF No. 25 at 11). However, in this case the Defendant was found to possess 4,837 image files, and 234 video files of known victims. Thus, his conduct has well-exceeded the 600 image threshold, and it is unlikely that any change in the sentencing guidelines would lessen the applicability of the 5-level enhancement for the total number of images possessed by the Defendant.

A low-end guidelines sentence in this case recognizes the Defendant's health, early acceptance of responsibility, and is also appropriate to promote respect for the law and deterrence from possessing video files of child pornography. *See* 18 U.S.C. § 3553(a).

For these reasons, the United States submits that a low-end guidelines sentence is appropriate in this case.

Respectfully submitted,
BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

By: */s/ Cary O. Aronovitz*

Cary O. Aronovitz
Assistant United States Attorney
Florida Bar No. 86425
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9131
Fax: (305) 530-7976

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed on May 10, 2017 via cm/ecf and sent to all counsel of record.

*/s/Cary O. Aronovitz*
Assistant United States Attorney